# ERICK O. LEJONQUIST v. JOHN BUKOWSKI AND ANOTHER.[1]

April 22, 1921.

No. 22,155.

**Boundary dispute — insufficient evidence of arbitration.**

Action to locate a disputed boundary line. The complaint averred that the location of it was in dispute and had never been determined. This allegation of the complaint was found true. The defense was that the line had been located by a survey or pursuant to an agreement. Plaintiff was not present when the survey was made, had no notice of it and had no opportunity to present his data as to the location of the line. *Held*: The evidence did not compel a finding of a common law arbitration and there was no claim of statutory arbitration. [Reporter.]

Action in the district court for Marshall county to locate and establish a boundary line between two farms. The answer alleged that on or about October 10, 1919, the parties agreed to employ Irving E. Quist, county surveyor of Marshall county, to survey the lands owned by them and locate the boundary line between them, that he did this, and that defendant erected a fence upon said line. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for amended findings or for a new trial, defendants appealed. Affirmed.

*A. N. Eckstrom*, for appellant.
*Bernard B. Brett*, for respondent.

PER CURIAM.

Action to locate a disputed boundary line between two farms. The defense was that the line had been determined and located by a surveyor pursuant to an agreement between the parties. A refusal to find a location by agreement or, as claimed, by a common law arbitration, raises the only question in the appeal. The complaint averred that the location of the boundary line was in dispute and had never been determined. This paragraph of the complaint was found true. That necessarily found the defense not proven, and there is no merit in the contention that the court omitted to make a finding upon the issues presented.

A statement or discussion of the evidence would be of no value to bench or bar. It is enough to say that, even though plaintiff admitted that he suggested the employment of a surveyor and agreed to pay half of his charges, the evidence is far from satisfactory that there was a clear and definite

[1] Reported in 182 N. W. 513.

agreement to submit to and abide by the line which such surveyor might locate. Furthermore, plaintiff had no notice of the survey, was not present when it was made, and had no opportunity to present his data or evidence as to the proper and original location of the line. In short, the evidence is not such as to compel a finding of a common law arbitration, and there is no claim of location by statutory arbitration.

The order is affirmed.